**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1276-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LOUIS M. APONTE, a/k/a
LOUIS APONTE, and
LUIS APONTE,

     Defendant-Appellant.

_____

Submitted January 23, 2024 – Decided March 8, 2024

Before Judges Natali and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 21-01-0140.

Joseph E. Krakora, Public Defender, attorney for appellant (Morgan A. Birck, Assistant Deputy Public Defender, of counsel and on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Jaimee M. Chasmer, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Louis M. Aponte appeals from the Law Division's March 29, 2022 order denying his motion to compel admission into the Pretrial Intervention Program (PTI) over the prosecutor's objection. Because the Law Division correctly determined that the prosecutor's decision was not a patently gross abuse of discretion, we affirm.

On May 24, 2020, defendant was bicycling with a group of individuals in Tenafly. When the group entered an intersection, defendant ran a red light to keep up with them and nearly hit a car. Defendant shouted at the driver of the car and kept cycling. The victim, another cyclist in the group, rode up to defendant and either tapped or shoved him on the back and said, "You blew the red light dude, calm down." The victim then cycled ahead. Defendant caught up with the victim and shoved him, which caused him to fall off his bike onto the ground. The victim sustained a severe concussion and fractured his collarbone, pelvis and sacrum.

Defendant was indicted on a single count of third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7). He applied for admission into the PTI program. The Bergen County Prosecutor's Office rejected his application, setting forth reasons for its decision in a letter dated December 22, 2021. In that letter, an assistant prosecutor reviewed the seventeen factors set forth in N.J.S.A. 2C:43-

2

12(e), found six aggravating factors, considered the letters of mitigation submitted by defendant, and determined defendant was not a suitable candidate for the PTI program.

Defendant filed a motion with the Law Division to compel his admission into PTI over the prosecutor's objection. On February 11, 2022, a Law Division judge heard arguments on the motion and on March 29, 2022, the judge issued a written opinion and order denying the motion. Defendant subsequently pleaded guilty to the charge and in accordance with the plea agreement, was sentenced to three years' probation.

Defendant now appeals from the order denying his motion to compel his entry into the PTI program, arguing:

> THE PROSECUTOR'S REJECTION OF DEFENDANT'S ADMISSION INTO THE PRETRIAL INTERVENTION PROGRAM WAS AN ARBITRARY, PATENT, AND GROSS ABUSE OF DISCRETION WHICH MUST BE CORRECTED BY THIS COURT.
>
> A.    The Prosecutor's Statement of Reasons was Insufficient.
>
> B.    The Prosecutor's Decision Was Not Based on an Individualized Assessment of [defendant].

"PTI 'is a diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to

deter future criminal behavior.'" State v. Oguta, 468 N.J. Super. 100, 107 (App. Div. 2021) (quoting State v. Nwobu, 139 N.J. 236, 240 (1995)). PTI is governed by both statute and court rule. See N.J.S.A. 2C:43-12; R. 3:28-1 to -10. "N.J.S.A. 2C:43-12(e) sets forth a list of seventeen nonexclusive factors that prosecutors must consider in connection with a PTI application." Oguta, 468 N.J. Super. at 107 (quoting State v. Johnson, 238 N.J. 119, 128 (2019)). These statutory factors assist the prosecutor in making "an individualized assessment of the defendant considering his or her amenability to correction and potential responsiveness to rehabilitation." State v. Roseman, 221 N.J. 611, 621-22 (2015) (internal quotation marks omitted) (quoting State v. Watkins, 193 N.J. 507, 520 (2008)).

Both the statute and the court rules call for prosecutors to consider the nature of the offense. See N.J.S.A. 2C:43-12(e)(1); R. 3:28-4(b)(1). There is a presumption against admission into PTI if "the crime or offense charged involved violence or the threat of violence," which includes when "the victim sustains serious or significant bodily injury." N.J.S.A. 2C:43-12(b)(2)(b); see also R. 3:28-4(b)(1).

Deciding whether to permit diversion to PTI "is a quintessentially prosecutorial function." State v. Wallace, 146 N.J. 576, 582 (1996). "[P]rosecutors are granted broad discretion to determine if a defendant should be

diverted" to PTI instead of being prosecuted. State v. K.S., 220 N.J. 190, 199 (2015) (citing Wallace, 146 N.J. at 582); see also State v. Negran, 178 N.J. 73, 82 (2003) (stating that courts must "allow prosecutors wide latitude"). Accordingly, "the scope of [judicial] review is severely limited." Negran, 178 N.J. at 82 (citing Nwobu, 139 N.J. at 246). "[T]o overturn a prosecutor's rejection, a defendant must 'clearly and convincingly establish that the prosecutor's decision constitutes a patent and gross abuse of discretion.'" Watkins, 193 N.J. at 520 (quoting State v. Watkins, 390 N.J. Super. 302, 305 (App. Div. 2007)). "A patent and gross abuse of discretion is a decision that 'has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice requires judicial intervention.'" Ibid. (quoting Wallace, 146 N.J. at 582-83).

Defendant contends the prosecutor's statement of reasons was insufficient and its decision was not based on an individualized assessment of him. We reject these arguments because they are not supported by the record. The rejection letter reflects that the prosecutor considered the relevant statutory factors and found six aggravating factors, specific to the facts of this case.

The prosecutor found the nature of the offense and facts of the case necessitated prosecution of the matter; there may exist personal problems and character traits related to the crime for which services are unavailable or

insufficient within the criminal justice system, or causes of defendant's criminal behavior cannot be controlled by proper treatment; and defendant's criminal conduct is related to a condition or situation that would not be conducive to change through his participation in supervisory treatment. The prosecutor also found the needs and interests of the victim demand prosecution and the harm done to society by abandoning criminal prosecution would outweigh the benefits to society from channeling defendant into a supervisory treatment program.

The prosecutor also considered the character letters defendant submitted in mitigation, and found them not compelling because

> the authors[] do not seem to know what the purpose of their letter is and, clearly, do not know the violent allegations here. Additionally, some of the letters speak to defendant's abilities and discipline with respect to his cycling, which strikes an odd chord when viewed in light of the facts of the case.

The prosecutor then considered both the aggravating and mitigating factors and determined defendant should not be admitted into the PTI program. We agree with the Law Division judge that the prosecutor's determination was not a patent and gross abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1276-22